UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDLE JACKSON,

   Petitioner,

 v.             CAUSE NO. 3:20-CV-965-DRL-MGG

WARDEN,

   Respondent.

OPINION & ORDER

Randle Jackson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-4-130)) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a controlled substance in violation of Indiana Department of Correction Offense 202. Following a hearing, on May 4, 2020, he was sanctioned with a loss of twenty days of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Jackson argues that he is entitled to habeas relief because the administrative record didn't contain confirmation from a third-party laboratory that the confiscated powder was a controlled substance or documentation for where the controlled substances were stored between when the internal investigator received it and it was tested.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long

> as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he searched Mr. Jackson's cell with a canine assistant and found a plastic bag of white powder concealed on a shelf. It also included the result of a test conducted by an internal investigator indicating that the white powder was cocaine. The conduct report and the test results constitute some evidence to support a finding that Mr. Jackson possessed a controlled substance. Therefore, the arguments suggesting that the hearing officer lacked sufficient evidence for a finding of guilty are not a basis for habeas relief.

Mr. Jackson argues that he is entitled to habeas relief because the hearing officer did not allow him to call the internal investigator who tested the controlled substance as a witness. He states that he intended to question him about his training and the validity of the test. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). "[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). Nor are they constitutionally required to allow inmates to crossexamine and confront witnesses. *Wolff*, 418 U.S. at 567-68 ("[A]dequate bases for decision in prison disciplinary cases can be arrived at without cross-examination").

The administrative record included the tests result for the controlled substance. The test results were effectively a signed statement from the internal investigator that he had tested the controlled substance and that it tested positive for cocaine. Mr. Jackson's proposed line of questioning implies that he did not seek the internal investigator's statement on the case, which the hearing officer had already included in the record, but instead sought to confront and to crossexamine the internal investigator on his statement. Because the right to confront witnesses does not apply to prison disciplinary proceedings, the claim that he was not allowed to call the internal investigator as a witness is not a basis for habeas relief.

Because Mr. Jackson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Jackson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Randle Jackson leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

December 10, 2020               *s/ Damon R. Leichty*
                                Judge, United States District Court